**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**SEBRA R. ROLLINS,**

      **Petitioner,**

**vs.**                                       **Case No. 4:09cv319-RS/WCS**

**WALTER McNEIL,**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION ON MOTION TO DISMISS § 2254 PETITION

Petitioner Rollins, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner also filed a supporting memorandum, with an unopposed motion for leave to exceed the page limit. Docs. 3 and 4.

Respondent filed a motion to dismiss the petition as untimely filed pursuant to 28 U.S.C. § 2244(d). Doc. 8. References to exhibits are to those attached to the motion unless otherwise indicated. See doc. 8-1 (index to exhibits). Petitioner filed a response to the motion to dismiss. Doc. 12.

There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2).

Respondent asserts that the judgment became final on March 23, 2006. Doc. 8, p. 7. Given other tolling activity in state court, the dispositive issue is whether Petitioner's second motion for postconviction relief, pending from October 24, 2008, to August 20, 2009, was "properly filed" for purposes of tolling the one year period. *Id.*, pp. 4, 8. Petitioner concedes that this is the issue to be decided. Doc. 12, p. 1.

Respondent argues that the second Rule 3.850 motion was not properly filed, so the § 2254 petition filed on August 19, 2009, was untimely. Petitioner argues that the state court motion was timely filed, therefore tolling the period and rendering the § 2254 petition timely.

The record on appeal of the second postconviction proceeding is Ex. CC (composite). The motion filed pursuant to Fla.R.Crim.P. 3.850 is at pp. 1-12 of that exhibit. Petitioner asserted that:

> The motion contains a claim based on the Florida Supreme Court's holding in *Sanders v. State*, 944 So. 2d 203 (Fla. 2006). The claim is being filed within two years of *Sanders. See Adams v. State*, 543 So. 2d 1244 (Fla. 1989) (holding that a rule 3.850 motion based upon a change or clarification in the law must be filed within two years of the time the change or clarification is announced).

*Id.*, pp. 9-10. The motion was denied as both untimely and successive. *Id.*, p. 13. It was filed past the two year period of Rule 3.850, and the circuit court said that it "does

not satisfy any of the grounds for a time extension. Fla.R.Crim.P. 3.850(b)." *Id.*, pp. 13-

14. The circuit court found that <u>Sanders</u> did not extend the time as it "does not

constitute a retroactive fundamental change to a law or to a constitutional right that is

relevant in Defendant's case." *Id.*, p. 14, citing <u>Sanders</u> (*approving* <u>Sanders v. State</u>,

912 So.2d 1286 (Fla. 2d DCA 2005)[1]) and Rule 3.850(b).

The Supreme Court has held that a state postconviction motion rejected as

untimely by a state court was not "properly filed" for purposes of § 2244(d)(2). <u>Pace v.</u>

<u>DiGuglielmo</u>, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), *discussing* <u>Artuz</u>

<u>v. Bennett</u>, 531 U. S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

> In *Artuz v. Bennett*, we held that time limits on postconviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." . . . However, we reserved the question we face here: "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Having now considered the question, we see no grounds for treating the two differently.
>
> As in *Artuz*, we are guided by the "common usage" and "commo[n] underst[anding]" of the phrase "properly filed." In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. . . .

*Id.*, at 413, 125 S.Ct. at 1811 (alterations in original) (citations omitted).

The Court held that "time limits, no matter their form, are 'filing' conditions." *Id.*,

at 417, 125 S.Ct. at 1814. The Court concluded: "What we intimated in *Saffold* we now

hold: When a postconviction petition is untimely under state law, 'that [is] the end of the

---

[1] The <u>Sanders</u> opinion of the Second District Court of Appeal, approved by the Florida Supreme Court, was relied on by the trial court in denying Petitioner's first Rule 3.850 motion. Ex. N (composite), p. 18.

matter' for purposes of § 2244(d)(2)."  544 U.S. at 414, 125 S.Ct. at 1812, *quoting* Carey v. Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002).

Petitioner responds that, contrary to the state court's finding, his second Rule 3.850 motion *was* timely as it was filed within two years of the date a change in state law was announced.  Doc. 12, pp. 6-7.  Petitioner relies on Delancy v. Florida Dept. of Corrections, 246 F.3d 1328 (11th Cir. 2001), which held that a Rule 3.850 motion *alleging* newly discovered evidence was "properly filed" even though it was untimely.[2] *Id.*, pp. 7-9.  As his second Rule 3.850 motion alleged it was being filed within two years of the Sanders opinion, and alleged that the Sanders opinion was new law, Petitioner claims it complied with the rules and was therefore "properly filed" under § 2244(D)(2). *Id.*  Petitioner asserts that whether the motion was properly filed for tolling purposes should not depend on the state court's determination of whether Sanders actually was a change in law (thus making the Rule 3.850 motion timely), and distinguishes Pace because there it had not been alleged or shown that the motion fell within the statutory exceptions to the time limit.  *Id.*, pp. 9-10, nn. 7 and 8.

Respondent anticipated Petitioner would distinguish Pace because the petitioner there did not allege an exception to the time bar, and claims the argument is unavailing because, as in Pace, here there is a state court determination of untimeliness entitled to deference.  Doc. 8, pp. 11-12, *citing* Sykosky v. Crosby, 187 Fed. Appx. 953 (11th Cir.

---

[2] Delancy concluded that the Rule 3.850 motion had been properly filed because it *alleged* an exception to the timeliness bar under state law, that there was "newly discovered evidence."  246 F.3d at 1331.

2006) (other citations omitted).[3]  In <u>Sykosky</u>, a certificate of appealability was granted on the issue of whether the district court erred, under <u>Delancy</u>, in finding no entitlement to statutory tolling for the time during which a Rule 3.850 motion was pending.  *Id.*, at 954.  Petitioner Sykosky argued that, although the state court had found that his Rule 3.850 motion was untimely, it was "properly filed."  There was disagreement between the parties as to whether he had properly alleged facts in the Rule 3.850 motion to trigger an exception to the two year time limit for filing.  *Id.*, at 956-957, *citing* <u>Delancy</u> and <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278 (11th Cir. 2002).  The court concluded it was not necessary to decide this issue, and rejected the attempt to distinguish <u>Pace</u> based on Sykosky's allegation of an exception to the time limit.  *Id.*, at 957-958.  The court said:  "We find this distinction unavailing because, like the Supreme Court in *Pace*, *we have been presented with a state court determination that the prisoner's postconviction petition was untimely under state law,* and we give deference to such determinations."  *Id.*, at 958 (emphasis added), *citing* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000).  The court said that since the state court had determined that the Sykosky's motion was untimely, the court should defer to that determination and "that [is] the end of the matter."  *Id.* (citation to <u>Pace</u> and footnote omitted).[4]  The further held:

---

[3] See 11th Cir. Rule 36-2 ("[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

[4] The court noted that a rule governing filings must be firmly established and regularly followed before non-compliance would render a document not properly filed, but no claim had been made that the time limit of Rule 3.850 was not firmly established and regularly followed.  *Id.*, at 958, n. 3, *citing* <u>Siebert v. Campbell</u>, 334 F.3d 1018, 1025 (11th Cir. 2003).

> To the extent that *Delancy* and *Drew* can be read to suggest that time limits are not filing conditions, or that a Rule 3.850 motion which has been dismissed as untimely in state court may nevertheless have been "properly filed" for purposes of § 2244(d)(2), they conflict with the Supreme Court's decision in *Pace* and must be disregarded.

*Id.*, at 958 (citation omitted).[5]

The Supreme Court has reiterated that where a state court petition is rejected by the state courts as untimely, it is not properly filed for § 2244(d)(2) purposes. Allen v. Siebert, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007). By way of background, the district court had held the § 2254 petition was untimely because the state application for relief, rejected by the state court as untimely, was not "properly filed." *Id.*, at 4, 128 S.Ct. at 3 (discussing case history).

> The Court of appeals reversed . . . holding that Siebert's state post-conviction petition was "properly filed" within the meaning of § 2244(d)(2), because the state time bar was not jurisdictional and the Alabama courts therefore had discretion in enforcing it.

*Id.*, at 5, 128 S.Ct. at 3 (citing Siebert v Campbell, 334 F.3d at 1018 (11th Cir. 2003) (*cited supra,* n. 2).

Pace was decided while Siebert's petition was pending in the district court on remand from the Eleventh Circuit, and the district court found that the state postconviction motion was not properly filed under Pace. *Id.*, at 5, 128 S.Ct. at 3 (discussing case history); Siebert v. Allen, 480 F.3d 1089, 1090 (11th Cir. 2007)

---

[5] In Delancy, the Eleventh Circuit noted that the state court denied relief, and noted that the petitioner's Rule 3.850 motion "was clearly filed" past the two year limit of Rule 3.850(b), but it is not clear from the opinion whether the state court had actually made a finding or ruling of untimeliness. *See* 246 F.3d at 1331. In Drew, the trial court rejected the Rule 3.850 motion as untimely and successive. 297 F.3d at 1282-84. The Eleventh Circuit distinguished Delancy, as Drew had not alleged any exceptions to the time limit in his Rule 3.850 motion. *Id.*, at 1285-1286.

("instead of further proceedings, the district court revisited the timeliness issue and

again dismissed the petition as untimely, finding that *Pace v. DiGuglielmo*, superseded

our decision in *Siebert I*.").  The Eleventh Circuit found "that the law of the case applies,

noting that *Pace* did not address the question presented in *Siebert I*, to wit: a statute of

limitations that operated as an affirmative defense," and again reversed and remanded

for further proceedings.  480 F.3d at 1090.  This was Eleventh Circuit ruling reversed

and remanded by the Court in <u>Allen v. Siebert</u>.  552 U.S. at 5, 128 S.Ct. at 4.  The

Supreme Court said in reversing:

> The Court of Appeals' carve-out of time limits that operate as affirmative
> defenses is inconsistent with our holding in *Pace*.  Although the
> Pennsylvania statute of limitations at issue in *Pace* happens to have been
> a jurisdictional time bar under state law, the jurisdictional nature of the
> time limit was not the basis for our decision.  Rather, we built upon a
> distinction that we had earlier articulated in *Artuz v. Bennett*, between
> postconviction petitions rejected on the basis of "'filing' conditions," which
> are not "properly filed" under § 2244(d)(2), and those rejected on the basis
> of "procedural bars [that] go to the ability to obtain relief," which are.  We
> found that statutes of limitations are "filing" conditions because they "go to
> the very initiation of a petition and a court's ability to consider that
> petition."  Thus, we held "that time limits, *no matter their form*, are 'filing'
> conditions," and that a state postconviction petition is therefore not
> "properly filed" if it was rejected by the state court as untimely.
>
> In short, our holding in *Pace* turned not on the nature of the particular time
> limit relied upon by the state court, but rather on the fact that time limits
> generally establish "conditions to filing" a petition for state postconviction
> relief.  Whether a time limit is jurisdictional, an affirmative defense, or
> something in between, it is a "condition to filing," – it places a limit on how
> long a prisoner can wait before filing a postconviction petition.

552 U.S. at 5-6, 128 S.Ct. at 3-4 (alterations and emphasis by the Court) (citations

omitted).  "*Because Siebert's petition for state postconviction relief was rejected as*

*untimely by the [state] courts, it was not "properly filed" under § 2244(d)(2).*

Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations." 552 U.S. at 7, 128 S.Ct. at 4-5 (emphasis added).

Here, there is a state court determination that Petitioner's second Rule 3.850 motion was untimely, a finding which is entitled to deference. This court must find that that is the end of the matter in determining whether the document was properly filed for tolling purposes under § 2244(d)(2). The § 2254 petition should be dismissed as untimely.

The court must issue or deny a certificate of appealability when entering a final order adverse to a § 2254 petitioner. § 2254 Rule 11(a). Although Petitioner's position finds support in <u>Delancy</u>, that case pre-dates clear Supreme Court precedent on the issue, and to the extent of conflict it should be disregarded. Petitioner is therefore not entitled to a certificate of appealability as he has not made a substantial showing of the denial of a constitutional right. § 2253(c)(2). Objections to the denial of a certificate of appealability must be made within the time for filing objections to this order.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 8) be **GRANTED**, that the § 2254 petition be **DISMISSED**, and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 14, 2010.

    S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:09cv319-RS/WCS

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.